# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**MARK HARPER,**                            )
                                        )
    **Plaintiff,**            )
                                        )    **Civil Action No.**
    **v.**                   )    **18-12137-FDS**
                                        )
**ANGEL MELENDEZ, et al.,**                 )
                                        )
    **Defendants.**           )
_____)

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

**SAYLOR, J.**

This is an action for employment discrimination. Plaintiff Mark Harper, appearing *pro se*, has brought suit against Boston Medical Center Corporation ("BMC") and one of its employees, Angel Melendez. Pursuant to Fed. R. Civ. P. 12(c), defendants have moved for judgment on the pleadings on the basis that plaintiff has failed to exhaust his administrative remedies as required by federal law. For the following reasons, the motion will be granted.

## I.    Background

The facts in the complaint are sparse. According to the complaint, Mark Harper worked for the BMC Medical Supply Department with Angel Melendez as his supervisor. (Compl. §3). BMC terminated his employment on July 18, 2018. (Compl. §3).

The complaint alleges "racial discrimination" and "wrongful termination." (Compl. §2, ¶ A). It specifically alleges that Melendez fired Harper because he was "not part of [Melendez's] Puerto Rican cli[que]" and because he is a "black man"; that "company policy" requires that an

employee receive three "writeups" and suspension before termination but he has "never been written up"; and that the BMC Medical Supply Department "justified [Melendez's] racial discrimination by letting him wrongfully terminate" Harper.  (Compl. §3).  He seeks reinstatement of his employment and $250,000 in damages.  (Compl. §4).

BMC has moved for judgment on the pleadings on the ground that the complaint does not allege that plaintiff has exhausted his administrative remedies.

## II.    <u>Legal Standard</u>

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).  It differs from a Rule 12(b)(6) motion primarily because it is filed after the close of pleadings and "implicates the pleadings as a whole." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006).  Because a Rule 12(c) motion "calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof." *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

However, to survive a motion for judgment on the pleadings, a complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz*

*Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints are "accorded an extra degree of solicitude," even a *pro se* plaintiff is required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Wright v. Town of Southbridge*, 2009 U.S. Dist. LEXIS 12817, at *6-7 (D. Mass. January 15, 2009) (internal quotations omitted) (quoting *Adams v. Stephenson*, 1997 U.S.App. LEXIS 15371, at *2 (1st Cir. June 23, 1997)).

## III.   <u>Analysis</u>

The complaint alleges "wrongful termination" and "racial discrimination," without identifying a specific legal theory, and states that the basis for federal jurisdiction is a violation of federal law. (Compl. § 2). Accordingly, the Court infers that the complaint in substance alleges violations of Title VII of the Civil Rights Act of 1964, under which it is unlawful for an employer to discriminate against an employee based on his or her "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a).

Title VII requires that an aggrieved employee follow certain administrative procedures as a prerequisite to commencing a civil action. *See Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009). The administrative process begins with the filing of an administrative charge before the EEOC or its state analogue (here, the Massachusetts Commission Against

Discrimination).  *See Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008).  The employee may sue in federal court only if the EEOC dismisses the administrative charge or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge.  42 U.S.C. § 2000e—5(f)(1); *see also Franceschi*, 514 F.3d at 85.  "In either case, the EEOC must send the employee notice, in the form of what is known as a right-to-sue letter."  *Franceschi*, 514 F.3d at 85.  After receiving that notice, the employee has 90 days to bring suit in federal court.  42 U.S.C. § 2000e—5(f)(1).

Under Title VII, the "unexcused failure to exhaust administrative remedies effectively bars the courthouse door."  *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).  "Administrative remedies [can]not be considered to [be] exhausted . . . until the EEOC issue[s] [the plaintiff] a right-to-sue-letter."  *Franceschi*, 514 F.3d at 85 (citing 42 U.S.C. § 2000e—5(f)(1)).

Here, there is no indication, and the complaint does not allege, that plaintiff has received a right-to-sue letter prior to filing suit.  It therefore appears that he has failed to exhaust his administrative remedies as required by law.  Furthermore, his status as a *pro se* litigant does not relieve him of his obligation to comply with procedural and substantive law.  *See Cummings v. Pearson Educ., Inc.*, 2006 U.S. Dist. LEXIS 2118, 2006 WL 151880, at *5 (D. Mass. Jan. 18, 2006) (citing *Lefebvre v. Comm'r of Internal Revenue Serv.*, 830 F.2d 417, 419 (1st Cir. 1987)).

To the extent that the complaint alleges employment discrimination under Massachusetts state law, plaintiff is likewise required to exhaust administrative remedies prior to commencing a civil action.  *See Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996) (citing Mass. Gen. Laws ch. 151B, §§ 5-9) ("Chapter 151B require[s] an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination.").  Again,

however, there is no indication that he has done so.

Defendants' motion for judgment on the pleadings will therefore be granted. The dismissal of this case is without prejudice to the ability of plaintiff to re-file his complaint when and if he has exhausted his administrative remedies as provided by law.

## IV.    <u>Conclusion</u>

For the foregoing reasons, defendants' motion for judgment on the pleadings is GRANTED. This matter is hereby DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 22, 2019